08-23129.o1

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-23129-CIV-MARTINEZ-BROWN

CLODUALDO BEO,

    Plaintiff,

vs.

BTB SERVICES,

    Defendant.

_____

## ORDER GRANTING MOTION TO PROCEED AS COLLECTIVE ACTION

**This matter** is before this Court on Plaintiff's Motion to Proceed as Collective Action... (D.E. 8), filed January 15, 2009. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

This is a request to permit an "opt-int' class of FLSA plaintiffs pursuant to 29 U.S.C. §216(b). The recommended standards for allowing same are quite liberal. See e.g. Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F. 3d 1240, 1243 (11th Cir. 2003); Hipp v. Liberty National Life Ins. Co., 252 F. 3d 1208, 1219 (11th Cir. 2001); Grayson v. K-Mart Corporation, 79 F. 3d 1086, 1096 (11th Cir. 1996); Mooney v. Aramco Services Co., 54 F. 3d 1207 (5th Cir. 1995).

Defendant's opposition really goes to the ultimate question of certification in the "two-stage" approach set forth in the cases cited, supra, and not the initial "conditional certification". In that first determination, at the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the

action should be given to potential class members.

Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in a "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant...If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. See Tafarella v. Hollywood Greyhound Track, Inc., 2007 WL 2254553 (S.D. Fla.).

Plaintiffs suggest that the Court should grant its motion under this two-tiered approach on the grounds that Defendants will not be prejudiced by this decision and Plaintiffs will be prejudiced by any delay in granting certification. This Court finds that Plaintiffs would be substantially prejudiced by the continued running of the statute of limitations absent conditional certification to allow Plaintiffs to provide notice to the putative Plaintiff class. Further, Defendants will not be prejudiced by conditional granting of Plaintiffs' Motion to Proceed as Collective Action as they will have an opportunity to move for decertification.

The Court recognizes that the affidavit in support of this motion leaves something to be desired. However, defendant will have the opportunity to contest the merits of the claims therein at the appropriate time. In addition, the Court disagrees with the narrow construction of defendant as to who might be similarly situated to plaintiff by restricting same to cooks. This

case is not about job description but about a claim that overtime was not properly compensated. This Court can readily accept that there may be others in defendant's employ with different job descriptions but who would be similarly situated for the purposes of this law suit.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby Ordered and Adjudged as follows:

1. The motion to proceed as a collective action is **GRANTED**, and the identified class is conditionally certified.

2. The "Consent Notice to Become Party Plaintiff" is accepted and approved by this Court.

3. Defendant shall have twenty (20) days from the date of this order to disclose to plaintiff the names and last known mailing addresses of all present and former employees of defendant from the past three years from the filing date of plaintiff's complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of February, 2009.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    counsel of record